PROVOSTY, J.
The plaintiffs, John D. Minor and others, are the owners of the Southdown plantation, situated near Houma, in the parish of Terrebonne, which plantation uses oil as fuel in its sugar mill'or refinery. The defendant is an oil dealer and purchaser operating in the Jennings and *591 other oil fields. In January, 1906, the parties entered into a contract for 20,000 barrels of oil at 58 cents per barrel delivered on the plantation, shipments at option of seller' between February and September. After 16,335 barrels had been delivered under the contract, defendant, on February 14, 1907, wrote to plaintiffs that he was unable to make any further delivery. This was a clear default on the contract; but, for-greater precaution, the plaintiffs made a formal demand upon defendant through their attorneys. Plaintiffs were then already in the market for the purchase of 12,000 to 15,000 barrels for the ensuing crop. Defendant offered them his service for making this purchase, representing that if they would allow him time, and would not bring suit, he could make it at a pricé sufficiently low to offset any loss they might otherwise suffer from his default on the other contract. At that time plaintiffs had already been canvassing the market for making this purchase. They continued to do so, and eventually, in May, 1907, contracted for 12,000 barrels at $1.33 delivered on the plantation, shipments at option of seller between date of contract and September, 1907. During this time the lowest offer defendant made to plaintiffs under his tender of services was $1.34 delivered on plantation. The present suit is for the difference between the 58 cents per barrel, contract price for the 3,665 barrels which defendant failed to deliver under his contract, and $1.33 per barrel, market price at the time the oil should have been delivered.
Defendant acknowledges his default and his liability, but contends that there is no proof in the record of what was the market price of oil at the time in question.
There is abundant evidence that plaintiffs canvassed the market at that time and continuously thereafter, and that the best price which could be secured was the $1.33 per barrel. But this canvassing, and the purchase of the 12,000 barrels of oil, were, says defendant, for future, and not for immediate, delivery, and hence are no criterion of the market price of oil for immediate delivery.
No reason is assigned why the price of oil for delivery in the course of the ensuing few months should be higher than that for immediate delivery, or, if it is, why the difference should not be offset by the diminution in price which the evidence shows attends a large transaction- — the purchase, for instance, of as much as 12,000 barrels, instead of 3,665.
The purchase thus made by plaintiffs in good faith, after every effort to secure the lowest possible price, is, we think, a sufficiently safe criterion.
Defendant’s tender of services for purchasing the 12,000 to 15,000 barrels of oil was made in the same letter in which he announced his inability to make further delivery under his contract. He added that he advised plaintiffs not to make the purchase just then, because, he said:
“The sales being made now are bringing 95. cents to $1 per barrel f. o. b. cars at shipping point.”
The prices thus named by defendant are those at shipping point. Now, if we add to them the cost of transportation from shipping point to plantation, namely, 32 cents per barrel, we have $1.27 and $1.32 per barrel as having been the ruling price for February — figures which, with the admitted continuous rise in the market, would easily account for the $1.33 which plaintiffs found themselves compelled to pay in May.
The very delay of plaintiffs in making purchase — in May, instead of in February, or thereabouts — defendant complains of. But this he does with a bad grace, since it was largely at his instance.
We are satisfied that, if any material discrepancy had existed between the price at which plaintiffs bought the 3,665 barrels which had failed of delivery and the market *593 price, defendant, a dealer in oil, and, therefore perfectly familiar with this market price, would have taken the trouble to show it on the trial.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be set aside, and that the plaintiffs have judgment against the defendant, J. Edward Crusel, in the sum of $2,748.75, with 5 per cent, per annum interest thereon from April 22, 1007, and the costs of this suit.